UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 25-731(A)-JFW**                                      Dated: January 12, 2026

===============================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter | Jenna Wrae Long<br>Rahul R.A. Hari<br>Neil Thakor<br>Asst. U.S. Attorney<br>Not Present |

===============================================================================

U.S.A. vs (Dfts listed below)                    Attorneys for Defendants

| | | | | |
|---|---|---|---|---|
| 2) | Ismael Vega<br>Not Present - Bond | | 2) | John Targowski, CJA<br>Not Present - Appointed |
| 4) | Ronald Alexis Coreas<br>Not Present - Bond | | 4) | Andrew S. Cowan, CJA<br>Not Present - Appointed |
| 6) | Stefano Deong Green<br>Not Present - Bond | | 6) | David R. Evans, CJA<br>Not Present- Appointed |
| 8) | Hector Daniel Ramos<br>Not Present - Bond | | 8) | George B. Newhouse, Jr., CJA<br>Not Present - Appointed |
| 9) | Junior Roldan<br>Not Present - Bond | | 9) | Curtis V. Leftwich, CJA<br>Not Present - Appointed |

_____

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING DEFENDANT ISMAEL VEGA'S MOTION FOR BILL OF PARTICULARS [filed 11/16/2025; Docket No. 123];**

**ORDER DENYING JOINT MOTION FOR A BILL OF PARTICULARS OF DEFENDANTS RONALD COREAS, HECTOR RAMOS, JUNIOR ROLDAN AND STEFANO GREEN [filed 12/8/2025; Docket No. 146]**

Initials of Deputy Clerk   sr

On November 16, 2025, Defendant Ismael Vega ("Defendant Vega") filed a Motion for Bill of Particulars. On November 25, 2025, the Government filed its Opposition, and, on December 11, 2025, filed its Corrected Opposition. The Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's December 15, 2025 hearing calendar and the parties were given advance notice.

On December 8, 2025, Defendants Ronald Coreas, Hector Ramos, Junior Roldan, and Stefano Green (collectively, "Other Moving Defendants") filed a Joint Motion for a Bill of Particulars. On January 2, 2026, the Government filed its Opposition. The Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's January 5, 2026 hearing calendar and the parties were given advance notice.

After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In Count 7 of the First Superseding indictment, the Defendant Vega and the Other Moving Defendants, along with four co-defendants, are charged with obstructing, impeding, or interfering with law enforcement during civil disorder in violation of 18 U.S.C. § 231(a)(3) (and aiding and abetting in violation of 18 U.S.C. § 2(a)) as follows:

> On or about June 8, 2025, in Los Angeles County, within the Central District of California, defendants RONALD ALEXIS COREAS, YACHUA MAURICIO FLORES, JESUS GONZALEZ-HERNANDEZ JR., STEFANO DEONG GREEN, BALTO MONTION, ADAM CHARLES PALERMO, HECTOR DANIEL RAMOS, JUNIOR ROLDAN, ISMAEL VEGA, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and intentionally committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, California Highway Patrol officers, lawfully engaged in the lawful performance of their official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and performance of any federally protected function.

First Superseding Indictment ("FSI"), Count 7,

Defendant Vega and the Other Moving Defendants contend that the First Superseding Indictment fails to put them on notice of the essential facts on which Count 7 is based and move the Court to order a bill of particulars that: (1) identifies with particularity the specific acts allegedly committed by each of the nine co-defendants that could constitute obstruction, impediment, or interference with a law enforcement officer, specifically officers of the California Highway Patrol, in violation of 18 U.S.C. § 231(a)(3); (2) identifies how each of the nine co-defendants, physically or otherwise aided, abetted, counseled, commanded, induced, or procured any of the other co-defendants in the commission of a violation of 18 U.S.C. § 231(a)(3); and (3) identifies the nature

Initials of Deputy Clerk  sr

of the alleged civil disorder and how that civil disorder obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and performance of any federally protected function.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) provides in relevant part:

The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.

"The bill of particulars has three functions: to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction on bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *U.S. v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979); *see also U.S. v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) ("A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. It is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy."). "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." *Giese*, 597 F.2d at 1180. "Full discovery also obviates the need for a bill of particulars." *Id.; see also Long*, 706 F.2d at 1054 ("In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. Full discovery will obviate the need for a bill of particulars.").

## III.     DISCUSSION

In this case, the Court concludes that the First Superseding Indictment, in conjunction with the complaint affidavit, and discovery produced to Defendant Vega and the Other Moving Defendants, sufficiently inform Defendant Vega and the Other Moving Defendants of the nature of the charges against them such that they can meaningfully prepare their defense, avoid surprise at trial, and plead double jeopardy in the event of a new prosecution. Indeed, the First Superseding Indictment specifies the statute violated, the date of the violation, and that defendants' acts were aimed towards obstructing, impeding, and interfering with a specific group of officers, that is, California Highway Patrol officers. The First Superseding Indictment also alleges that Defendant Vega and the Other Moving Defendants are liable for this conduct (1) as a principal; and by (2) aiding and abetting their co-defendants and others. In addition, the First Superseding Indictment expressly states the federal jurisdictional element, tracking the statutory language of Section 231(a)(3): that the California Highway Patrol officers were "engaged in the lawful performance of their official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function."

The simplicity of the charge belies any necessity for a bill of particulars. The First Superseding Indictment alleges a single date, a single civil disorder, and a single organization as the object of defendants' obstruction, impediment, and interference.  Moreover, the Complaint further specifies that the charged conduct was in the vicinity of a single overpass during the civil disorder during which all defendants were present and committed at least one act.  Finally, the voluminous discovery already produced, and additional materials, in the form of video files, eliminates any doubt as to the necessity of a bill of particulars. *See Giese*, 597 F.2d at 1180 ("Full discovery . . .  obviates the need for a bill of particulars.").  Notably, the Complaint Affidavit addresses Defendant Vega's and the Other Moving Defendants' request concerning the basis for federal jurisdiction.  The Complaint Affidavit explains the civil disorder; the nature of the civil disorder, and its effect on commerce, the movement of a commodity in commerce, or on a federally protected function.  *See* Complaint Affidavit (Docket No. 155-2) at ¶¶ 6-12.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Vega's Motion for Bill of Particulars and the Other Moving Defendants' Joint Motion for a Bill of Particulars are **DENIED**.

IT IS SO ORDERED.

cc: USPO/PSA

Initials of Deputy Clerk   sr